UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

KATHARINE MORRISON,

    Defendant.

0090 1:21CR00334-003 (TJK)

PETITION TO VACATE
CONVICTION and SENTENCE

JEFFREY L. CICCONE, Assistant Federal Public Defender, attorney for Katharine Morrison, respectfully submits this petition to vacate, or set aside, the conviction and sentence of Ms. Morrison pursuant to 28 U.S.C. §2255.

## BACKGROUND

Katharine Morrison was charged on February 2, 2022, in a Fourth Superseding Indictment, along with codefendants Dale Jeremiah Shalvey and Tara Aileen Stottlemyer. Docket #48. On October 3, 2022, Ms. Morrison pled guilty to Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §1512(c)(2) and 2. The plea was entered pursuant to a written plea agreement. Docket #72. On that same date, the parties also jointly submitted a written Statement of Offense, Docket #75, as well as a Waiver of Trial by Jury, Docket #78.

The parties appeared before the Court for sentencing on May 11, 2023. Ms. Morrison was sentenced to a term of 8 months in custody, followed by 24 months of supervised release. The conditions of supervised release included a requirement that Ms. Morrison serve 8 months in home detention, to be monitored by the Location Monitoring Program. Docket #116. Ms. Morrison has completed her term of incarceration and is currently serving the home detention portion of her sentence. She is currently scheduled to complete home detention on September 3, 2024.

1

The United States Supreme Court recently issued a decision in *Fischer v. United States*, __ S.Ct. __, 2024 WL 3208034 (June 28, 2024) addressing the constitutionality of §1512(c). According to the Court, to establish a violation of §1512(c), the government must demonstrate that the defendant impaired records, documents, objects, or other things used in an official proceeding. Because the government failed to make such a showing with respect to Ms. Morrison, her conviction and sentence must be vacated.

**ARGUMENT**

Under 28 U.S.C. §2255(a), a defendant may move the sentencing court to vacate, set aside or correct a sentence if such sentence was, among other things, "imposed in violation of the Constitution or laws of the United States." *See Bedewi v. United States*, 583 F.Supp.2d 72, 76 (D.D.C. 2008). "[T]he petitioner seeking to vacate his sentence shoulders the burden of sustaining his contentions by a preponderance of the evidence." *Id*. (quoting *Winchester v. United States*, 477 F.Supp.2d 81, 83 (D.D.C. 2007)). "Specifically, he must show a fundamental defect, which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." *Id*. (quoting *United States v. Weaver*, 112 F.Supp.2d 1, 6 (D.D.C. 2000) (internal quotation omitted).

As stated above, according to the Supreme Court's recent decision in *Fischer*, to prove a violation of §1512(c)(2), "the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or … other things used in the proceeding, or attempted to do so." *Fischer*, 2024 WL 3208034, *10. This showing was not made in Ms. Morrison's case.

The Statement of Offense drafted by the government and signed by Ms. Morrison during the plea hearing provided a general description of the events of January 6, 2021. *See* Docket #75 at ¶¶

2

1-7. Concerning Ms. Morrison specifically, the parties agreed in relevant part to the following:

> 8. On or about January 6, 2021, the defendant Katharine Hallock Morrison drove from her home in Dansville, New York to meet with Dale Jeremiah Shalvey (Shalvey) and Tara Aileen Stottlemyer (Stottlemyer) in Bentleyville, Pennsylvania where Shalvey and Stottlemyer lived and worked on their farm. Later on January 6, 2021, [Morrison] traveled with Shalvey and Stottlemyer to Washington D.C., via automobile. The purpose of [Morrison], Shalvey and Stottlemyer's trip to Washington D.C., was to protest Congress' certification of the Electoral College. [Morrison] told Shalvey and Stottlemyer that she would like to go to D.C. and hear former President Trump speak.
>
> 9. On January 6, [Morrison], Shalvey, and Stottlemyer attended the Women for Trump rally and then marched with other protesters to the Capitol.
>
> 10. At approximately 2:20 p.m. [Morrison], Shalvey, and Stottlemyer breached the Capitol, entering the Senate Wing door, and then going to various areas in the Capitol, including, but not limited to the Crypt, the Speaker of the House's Suite, the Rotunda, and the Senate Chamber.
>
> 11. [Morrison], Shalvey, and Stottlemyer then went to the third floor of the Capitol. While in the Senate Gallery hallway, Morrison observed Shalvey pick up a bundle of zip ties that were sitting near a metal detector. Shalvey showed the zip ties to Morrison and Stottlemyer and then discarded them. They entered the Senate Chamber at approximately 2:29 p.m. There, [Morrison], Shalvey, and Stottlemyer looked through Senators' desks and took pictures of documents that were in and on those desks. [Morrison], Shalvey, and Stottlemyer exited the Senate Chamber at approximately 2:59 p.m. They exited the Capitol building through the Senate Carriage doors at approximately 3:05 p.m.

Docket #75.

The agreed upon facts do not satisfy the government's obligation under §1512(c)(2), as articulated by the Supreme Court in *Fischer*, because they do not demonstrate that Morrison impaired or interfered with the use of records, documents, or other objects during an official proceeding.

## CONCLUSION

For the above reasons, Katharine Morrison respectfully requests that this Court vacate or set aside her conviction and sentence pursuant to 28 U.S.C. §2255.

Date:   July 3, 2024

/s/Jeffrey L. Ciccone
Assistant Federal Public Defender
Federal Public Defender's Office
28 East Main Street, Suite 400
Rochester, New York 14614
(585)262-6201
Jeffrey_Ciccone@fd.org
Attorney for Katharine Morrison