UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-CR-00334 (TJK) |
| | : | |
| KATHARINE MORRISON, | : | |
| | : | |
| Defendant. | : | |

## RESPONSE TO MOTION TO MODIFY TERMS AND CONDITIONS OF SUPERVISED RELEASE

The United States submits this response to this Court's July 3, 2024 Minute Order and Defendant's Motion to Modify Terms and Conditions of Supervised Release, (ECF-134), filed as a result of the decision in *Fischer v. United States*, No. 23-5572, 603 U.S. ---, 2024 WL 3208034 (June 28, 2024).  Section 3583(e)(2) provides authority for this Court to "modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release …".  After consultation with the Probation Office, and in light of the recency and complexity of the issues left unresolved by *Fischer*, and because Defendant Morrison is approaching the end of her term of home detention, the government does not object to a modification of her conditions of supervised release terminating her special condition of home detention.[1]

---

[1] In *Fischer*, the Supreme Court held that Section 1512(c)(2) does not cover "all means of obstructing, influencing, or impeding any official proceeding." *See Fischer*, 2024 WL 3208034 at *6. However, the Court did not reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that a defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at *10. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* Through those further proceedings, the court of appeals will interpret the scope of the statute further, which may or may not include circumstances like certain facts in this case. Given the ongoing litigation in *Fischer* and its remand to the court of appeals, nothing in this

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:    */s/ Kathryn E. Bolas*
       KATHRYN E. BOLAS
       Assistant U.S. Attorney
       NY Bar No. 5704234
       United States Attorney's Office
       601 D Street, NW
       Washington, D.C. 20530
       (202) 252-0872
       Kathryn.Bolas@usdoj.gov

---

response should be construed as a concession that the defendant has a meritorious claim under *Fischer* or that *Fischer* is likely to provide grounds for post-conviction relief for the defendant.